*Decisions will be entered under Rule 155.*

THOMAS H. WELLS AND SHIRLEY R. WELLS, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 6340–79.     Filed October 22, 1981.

*Barry Bledsoe*, for the respondent.

OPINION

IRWIN, *Judge*: Respondent determined a deficiency in petitioners' Federal income tax for the year 1976 in the amount of $2,153.22. Concessions having been made by petitioners, the only issue presented for decision is whether petitioners are entitled to exclude from gross income the nondeductible portion of the amount received by them for reimbursement of moving expenses.

All of the facts in this case were stipulated. The facts stated in the stipulation, together with the exhibits attached thereto, are incorporated herein by this reference. The case was submitted for decision under Rule 122, Tax Court Rules of Practice and Procedure.

Petitioners Thomas H. and Shirley R. Wells, husband and wife, filed a joint Federal income tax return for the year 1976 with the Internal Revenue Service Center at Chamblee, Ga. Petitioners resided in Vestavia, Ala., at the time their petition herein was filed. Since Shirley R. Wells is a petitioner herein solely because a joint return was filed, references to petitioner are to Thomas H. Wells.

Petitioner is employed by the U.S. Secret Service. Since, in 1976, petitioner's post of duty was changed from Virginia to

---

Birmingham, Ala., he moved to Birmingham, Ala., during that year. In connection with his relocation, petitioner incurred moving expenses totaling $9,542.47, for which he was reimbursed in full by his employer (the U.S. Government) during 1976.

On their 1976 joint Federal income tax return, petitioners claimed a deduction for moving expenses in the amount of $9,542.47, and reported as income the $9,542.47 that he had received as reimbursement of moving expenses from his employer. The deficiency attributable to the moving expenses is due to the disallowance by respondent of $4,759.72 of the deduction claimed for moving expenses because of the limitations imposed by section 217(b)(3).[1] Petitioner concedes that this adjustment was correct. Petitioner contends, however, that he is entitled to exclude from gross income the difference between the $9,542.47 that he received as reimbursement from the U.S. Government and reported as income on his 1976 tax return and the $4,782.75 that he is entitled to deduct for moving expenses, or $4,759.72.

In support of his contention, petitioner relies upon the legislative history of Pub. L. 89–516, 80 Stat. 323, which amended the Administrative Expenses Act of 1946, 60 Stat. 806, to authorize reimbursement of certain moving expenses, including brokerage fees paid in connection with the sale of the employee's residence. He specifically refers to S. Rept. 1357, 89th Cong., 2d Sess. (1966), in which a proposed amendment that would have exempted the authorized reimbursements from taxation was endorsed by the Committee on Government Operations. However, as petitioner correctly points out, the amendment was not adopted, since "general legislation similar to the proposed amendment [was] pending before the Ways and Means Committee of the House and the Finance Committee of the Senate." S. Rept. 1357, *supra* at 4.[2]

Subsequent to the enactment of Pub. L. 89–516, section 82

---

[1]Statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.

[2]In fact, many such bills were then pending before the House Committee on Ways and Means and the Senate Committee on Finance. See, e.g., H.R. 13070, 89th Cong., 2d Sess. (1966); H.R. 13230, 89th Cong., 2d Sess. (1966); H.R. 13915 89th Cong., 2d Sess. (1966); S. 3181, 89th Cong., 2d Sess. (1966). See *McMahon v. Commissioner*, T.C. Memo. 1973–86.

was added to the Internal Revenue Code of 1954 by the Tax Reform Act of 1969, Pub. L. 91–172, 83 Stat. 487. Section 82 specifically provides that any amount received for reimbursement of expenses of moving from one residence to another residence that is attributable to employment is includable in gross income. Section 217 permits, subject to specified limitations, a deduction for certain expenses paid by an employee in connection with the commencement of work at a new principal place of work. As a result of the application of the two sections, the amount by which amounts received by an employee as reimbursement of moving expenses exceed his moving expenses for which a deduction is allowable is subject to tax.

Petitioner argues that section 82 does not control in the case of reimbursements received under Pub. L. 89–516, since it is not specifically addressed to such reimbursements, but is applicable in general to reimbursements of moving expenses. He further argues that section 506(c) of the Tax Reform Act of 1976, 90 Stat. 1568, providing for the exclusion of amounts received as reimbursements of moving expenses from gross income in the case of members of the Armed Forces of the United States, demonstrates that Congress intends that reimbursements that are authorized under Pub. L. 89–516 be exempt from taxation.

As previously mentioned, the proposed amendment, relating to exemption from gross income of payments made under Pub. L. 89–516, was not adopted by Congress. It, accordingly, is of no moment in the instant case. In the absence of a statutory exception permitting any amount received as reimbursement of moving expenses to be excluded from gross income, the general rule provided by section 82 quite clearly requires that any such amount be included in gross income. Petitioner has pointed to no exception enacted, other than the exception applicable in the case of members of the Armed Forces, to the general rule of section 82, and we are unable to find any such exception.

Section 506(c) of the Tax Reform Act of 1976, which added section 217(g) (relating to the Armed Forces) to the Code, is intended by Congress to free the Department of Defense from the substantial administrative burden that it indicated would have arisen in connection with its establishing a system to identify or to value in-kind reimbursements of moving ex-

penses that were provided in certain circumstances to each serviceman. S. Rept. 94–938, 94th Cong., 2d Sess. (1976), 1976–3 C.B. (Vol. 3) 49, 180. Thus, we are unable to infer from the enactment of such section that Congress intended to exclude reimbursements authorized under Pub. L. 89–516 from gross income.

In accordance with the above, we hold that the entire amount received by petitioner as reimbursement for his moving expenses is includable by him in gross income, under section 82.

*Decision will be entered for the respondent.*

[2]All statutory references are to the Internal Revenue Code of 1954 as amended and in effect during the year in issue.